No. 20-2473. Thank you. Good morning. May it please the court, can you all hear me? Yes. We can hear you. Whether we can understand you, we'll find out. I'll do my best. Robin Smith for Peter Taylor. There's no doubt that Mr. Taylor had a very poor performance on his supervised release. Nevertheless, when appearing for his sentence on his most recent violation of supervised release, the court seemed to take a single-minded approach to the breach of trust aspect of his being sentenced for the violation of supervised release. In other words, I trusted you and you violated that by being involved with more criminal activity. The probation department was well aware of the facts involved, was well aware of Mr. Taylor's poor performance on supervised release before, and yet proposed an advisory range of eight to 14 months. And the government also advocated for something at the higher end of that range. Nevertheless, the district court imposed a term of imprisonment nearly double the maximum of 14 months and sentenced Mr. Taylor to 24 months incarceration. Our position is that the imposition of 24 months nearly double the high range is impermissible, as the district court had a single-minded focus on an inappropriate factor, but did not take other factors into consideration. For example, such as that there was no violence involved. No what? There was no what? Violence involved in the criminal activity. You're saying the district court did not take these things into account? What's your basis for saying that the district court didn't take them into account? Because the district court, in its description of the reason for the sentence, focused on only the breach of trust. You seem to be saying that a district court has to discuss every single factor that could conceivably be pertinent or be vulnerable to the accusation that the district court didn't take something into account. Generally, we presume that a district court has taken everything into account that ought to be taken into account, unless there's some indication that the district court didn't, such as might be the case if the district court said something that's simply contrary to the unquestionable facts about that thing. But we don't generally assume, just because the district court doesn't discuss something, that it didn't take it into account. Well, our position is that the sentence itself demonstrates that there was not a balanced approach towards the totality of the circumstances involved with Mr. Taylor's offenses. Well, the prior two sentences were below guidelines. Doesn't that suggest otherwise? I think it supports my argument, because the court obviously felt like I gave you a chance two times before, and you failed. And going back to the probation department and the government, we're well aware of these circumstances and recommended a sentence between the two sentences. Between 8 and 14 months. Why is it bad to say, I gave you a chance before, and you failed, so I'm going to make it tougher now? Why is that an impermissible thing to do? It's not that stating that is impermissible. The argument is that that demonstrates that that was the hyper-focus of the district court, rather than the totality of the circumstances. The government cites United States versus Farnham in support of its argument that an above-guideline sentence is appropriate for Mr. Taylor. However, that case is distinguishable, because it involved a human victim, and the circumstances were forcible touching. Whereas Mr. Taylor's criminal activity, I'm not minimizing it, but compared to forcible touching, possession of untaxed cigarettes is less serious. Does the court have any further questions? I'll rely on my brief. Thank you. Thank you, counsel. Mr. Silver? Thank you, Your Honor. May it please the court. It's an odd circumstance that my adversary focuses on the breach of trust as an error by the district court. The breach of trust is, if you will, the sine qua non of imposing a sentence for a supervised release violation. And the guidelines, sentencing guidelines, direct the court to sentence principally on the breach of trust, while taking into account the other relevant Section 3553A characters. And as you indicated, Judge Park, the fact that Mr. Taylor received below a below he received about a 10-year departure at his original sentencing, with Judge Stone determining that the career offender guidelines should not dictate the sentence that Mr. Taylor received. I'm sorry, can you go back to what you said? Yes. Yes, Your Honor. The guidelines expressly authorized taking into account the breach of trust, what provision is that and what does it say? I think it's the case law that says, and I'm sorry I don't have the site in front of me, Your Honor. I'd be happy to provide it after the argument if that's permissible. But essentially, the court is to sentence for the breach of trust, not for underlying criminal conduct. Although, obviously, that has to be taken into account. Likewise, the guidelines provide that leniency at earlier sentences is a reason for an upward departure, which is exactly what occurred here. What provision is that? I'm sorry, Your Honor, I don't have it in front of me. I apologize. It is in my brief, and I apologize.  I'd like to do that. It is in Chapter 7. I don't have the specific provision. In my adversary's brief, she recounts the first violation of the terms of supervisory release as resulting in a guideline range of 8 to 14 months and resulting in a sentence of 18 months incarceration. That was in error, and the sentence, the policy statement for the first violation of supervised release was 21 to 27 months and resulted in a lower term of imprisonment of 18 months. I think the court acted well within its discretion to recognize Mr. Taylor's lengthy and repeated resort to criminal activity and explained its sentence sufficiently that there was no abuse of discretion. If the court has no further questions, I'm prepared to rely on the brief. Thank you, counsel. We'll take the case under advisement.